**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUSSEIN AWEL ZIYAD<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN JEREMY CASEY,<br><br><br>                              Respondent. | Case No.:  3:26-cv-1782-CAB-DEB<br><br>**ORDER:**<br>  **(1) REQUIRING RESPONSE TO WRIT OF HABEAS CORPUS; and**<br>  **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [Doc. No. 2].** |

Hussein Awel Ziyad, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion to appoint counsel, [Doc. No. 2].

Petitioner moves to appoint counsel because he says he is not fluent in English, cannot afford to hire an attorney, and lacks the legal education to contend with immigration issues.  [Doc. No. 2.]  While there is no constitutional right to appointment of counsel in habeas proceedings, a district court may provide counsel for any financially eligible person seeking habeas relief under § 2241 when "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In making this assessment, courts must evaluate "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se

in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The appointment of counsel is left to the sound discretion of the Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). The Court finds that Petitioner was able to clearly and cognizably articulate the legal claims both in his habeas petition and his request for counsel. *See e.g. Skvortsova v. LaRose*, No. 26-CV-0073-AGS-SBC, 2026 WL 597333 at *1 (S.D. Cal. Mar. 3, 2026). Petitioner's motion to appoint counsel is therefore **DENIED WITHOUT PREJUDICE**.[1]

As for the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Accordingly, the Court **ORDERS** as follows:

1. Respondent shall file a response to the Petition by **April 2, 2026**. The response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2. Respondent shall serve a copy of the response on Petitioner by **April 3, 2026.**

3. Petitioner may file a reply by **April 10, 2026**.

4. To maintain the status quo, Respondent, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondent **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[2]

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter. The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

[2] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).

5. The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this Order.

It is **SO ORDERED**.

Dated: March 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-1782-CAB-DEB