UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HUSSEIN AWEL ZIYAD,

                     Petitioner,

v.

JEREMY CASEY, Warden, et al.,

                     Respondents.

Case No.:  3:26-cv-1782-CAB-DEB

**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Awel Ziyad Hussein's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment.  [*Id.* at 6–7.]  He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker.  [*Id.* at 8.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is an Ethiopian citizen.  [Doc. No. 5 at 2.]  On January 8, 2025, Petitioner was detained by U.S. Customs and Border Protection while attempting to enter the United States without inspection.  [*Id.*]  He was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed in expedited removal proceedings pursuant to 8 U.S.C.

§ 1225(b)(1), and taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b)(1)(B). [*Id.*] On January 31, 2025, after receiving a positive credible fear determination by an asylum officer pursuant to 8 U.S.C. § 1225(b)(1)(B), Petitioner was issued a Notice to Appear ("NTA"). [*Id.*]

On April 29, 2026, an immigration judge denied Petitioner asylum and withholding of removal. [Doc. No. 9 at 2.] Petitioner has remained in custody since arriving in the United States on January 8, 2025. [*Id.*] He intends to appeal the denial of his asylum application to the Board of Immigration Appeals ("BIA"). [*Id.*; Petition at 7.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### A.    Jurisdiction

Respondent challenges this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 5 at 4–5.] This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios. Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondent's jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1138–39 (S.D. Cal. 2025).

### B.    Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—nearly sixteen months—violates his Fifth Amendment right to due process. [Petition at 4, 6.]

Respondents counter that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 5 at 5–10.]    Respondents cite to *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) to argue that Petitioner has no due process rights beyond those afforded by statute. [*Id.* at 7.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of

detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner plans to appeal the denial of his asylum claim to the BIA. [*See* Petition at 7; Doc. No. 9 at 2.] If Petitioner appeals his application for asylum, Petitioner could expect a lengthy appeals process. Accordingly, the second factor weighs in favor of Petitioner. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained in a large immigration detention center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, neither Petitioner nor Respondents provide any explanation for the delay or argue that Petitioner contributed to the delay. [*See* Petition; Doc. No. 5 at 12.] Given Respondents' lack of explanation for their own delay, the fourth and fifth factors weigh in favor of Petitioner. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, four, and five weigh for Petitioner, while factor six is neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(2) without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **May 20, 2026**.  The Clerk of the Court shall close the case on May 25, 2026 unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated:  May 6, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge